UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
KENNETH DAVIDSON, et al.,                                     :
                                        Plaintiffs,           :
                                                              :
                  -against-                                   :
                                                              :
HONEYWELL INTERNATIONAL INC., et al.,                         :
                                        Defendants.           :
                                                              :
------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/26/15

14 Civ. 3886 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

This action arises out of injuries that Plaintiffs Kenneth Davidson and Thomas Farmer allegedly sustained while aboard an aircraft that malfunctioned. The Complaint raises claims alleging the improper design, manufacture, assembly, maintenance or repair of the aircraft or its component parts against fifteen defendant companies, many of whom Plaintiffs have now voluntarily dismissed from the case. Defendant Fairchild Controls Corporation ("Fairchild Controls") seeks dismissal under Rule 12(b)(2), arguing that the Court lacks personal jurisdiction over it. For the following reasons, Fairchild Controls' motion is denied, but the case is transferred to the United States District Court for the Southern District of Texas, Houston Division.

**BACKGROUND**

The facts below are taken from the Complaint and the parties' submissions on this motion, unless otherwise stated. The allegations in the Complaint are assumed to be true for purposes of this motion.

**I.    THE FUME INCIDENT**

On May 31, 2011, Plaintiffs Kenneth Davidson, a sensor operator, and Thomas Farmer, a pilot, were crew aboard a Turbo Commander aircraft. At an altitude of approximately 25,000

feet, as the aircraft was flying over the State of New York, the aircraft experienced a "major fume event," emitting clouds of oil fumes and mist into the cabin. Farmer initiated a rapid descent to 8,000 feet to depressurize the aircraft and landed the plane safely. The Complaint alleges, "on information and belief, that drops of the engine's lubrication oil were leaking out of the aircraft's engine into the bleed air-ducting system, which caused the cabin of the aircraft to fill with smoke and fumes." Davidson and Farmer allegedly were seriously injured as a result.

Plaintiff Jana Davidson is Davidson's wife, and Plaintiffs JCD and KSD are the Davidsons' minor children. Hereafter, "Davidson" refers to Plaintiff Kenneth Davidson.

## II.     FAIRCHILD CONTROLS

The Complaint alleges that Fairchild Controls manufactured the aircraft's air cycle machine ("ACM") and that the ACM was defective in its design, manufacture or assembly in violation of New York Products Liability Law.

Defendant Fairchild Controls is a Delaware corporation with its principal place of business in Maryland. It designs and manufactures ACMs in Maryland. It has never manufactured, sold or distributed ACMs in New York. Between 2011 and 2013, Fairchild Control's total sales to customers in New York, as a percentage of overall sales, ranged from approximately 1.1% in 2011 to 3.3% in 2013, and the products sold were not ACMs. Over the past 15 years, Fairchild Controls was not registered to do business in New York; did not maintain any offices, employees or representatives in New York; and did not have any distribution agreements contemplating sales of ACMs in New York. Also, Fairchild Controls did not advertise or market ACMs to customers in New York or make any decisions concerning the issuance of ACM warnings or operational procedures in New York.

**STANDARD**

"On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has [personal] jurisdiction over the defendant." *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996) (citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994)). "Prior to discovery, a plaintiff may defeat a motion to dismiss based on legally sufficient allegations of jurisdiction." *Id.* (citation omitted). Where "a court relies on pleadings and affidavits, rather than conducting a 'full-blown evidentiary hearing,' the plaintiff need only make a prima facie showing that the court possesses personal jurisdiction over the defendant." *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001) (citation omitted); *accord Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999). "Such a showing entails making 'legally sufficient allegations of jurisdiction,' including 'an averment of facts that, if credited[,] would suffice to establish jurisdiction over the defendant.'" *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 35 (2d Cir. 2010) (alteration in original) (citation omitted).

**DISCUSSION**

**I.   APPLICABLE LAW**

The Court engages in a two-step inquiry to determine whether it has personal jurisdiction over a defendant. First, the Court determines whether there is personal jurisdiction over the defendant under the laws of the forum state. *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007). If so, the Court determines whether asserting jurisdiction would be consistent with the requirements of due process under the Fourteenth Amendment. *Id.* (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945)).

"Personal jurisdiction over a defendant in a diversity action in the United States District Court for the Southern District of New York is determined by reference to the relevant

3

jurisdictional statutes of the State of New York." *Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 762 (2d Cir. 1983) (citations omitted). Plaintiff asserts long-arm jurisdiction over Fairchild Controls pursuant to the New York Civil Practice Law and Rules, § 302(a)(3)(ii), which provides:

> (a) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
>
> 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he . . .
>
> > ii. expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce . . . .

The New York Court of Appeals has identified five elements that a plaintiff must show to establish personal jurisdiction under this provision:

> (1) the defendant committed a tortious act outside New York; (2) the cause of action arose from that act; (3) the tortious act caused an injury to a person or property in New York; (4) the defendant expected or should reasonably have expected the act to have consequences in New York; and (5) the defendant derived substantial revenue from interstate or international commerce.

*Penguin Grp. (USA) Inc. v. Am. Buddha*, 946 N.E.2d 159, 162 (N.Y. 2011) (citing *LaMarca v. Pak-Mor Mfg. Co.*, 735 N.E.2d 883, 886 (N.Y. 2000)).

The due process analysis consists of two separate parts: the "minimum contacts" inquiry and the "reasonableness" inquiry. The minimum contacts inquiry requires a court to consider "the relationship among the defendant, the forum, and the litigation." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). "To establish the minimum contacts necessary to justify 'specific' jurisdiction, the [plaintiff] first must show that [his] claim arises out of or relates to [defendant's] contacts with [the forum

4

state]." *Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 242 (2d Cir. 1999) (alterations in original) (citations omitted). In addition, a plaintiff must demonstrate that the defendant "'purposefully availed' [himself] of the privilege of doing business in [the forum state] and that [the defendant] could foresee being 'haled into court' there." *Id.* at 242-43 (alterations in original) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

In *J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780 (2011), a plurality of the Supreme Court concluded that the placement of goods into the stream of commerce -- the so-called "stream of commerce theory" -- does not establish purposeful availment. Instead, the plurality determined that a defendant also must be "engaged in conduct purposefully directed at [the state]." *Id.* at 2790; *see also World-Wide Volkswagen Corp.*, 444 U.S. at 297-98 ("The forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State.").

If these requirements are satisfied, the court also considers whether the assertion of jurisdiction "comports with 'traditional notions of fair play and substantial justice' -- that is, whether it is reasonable under the circumstances of a particular case." *Metro. Life Ins. Co.*, 84 F.3d at 568.

## II.   APPLICATION

Fairchild Controls, which allegedly manufactured the aircraft's ACM, is a Delaware corporation with its principal place of business in Maryland. Plaintiffs rely solely on section 302(a)(3)(ii) to argue that personal jurisdiction exists over Fairchild Controls in this matter. That provision does not confer personal jurisdiction in this case because Plaintiffs have not shown that their claim arises from or relates to Fairchild Controls' contacts with New York.

As it is dispositive, due process is analyzed first. As stated above, "[t]o establish the minimum contacts necessary to justify 'specific' jurisdiction, the [plaintiff] first must show that [his] claim arises out of or relates to [defendant's] contacts with [the forum state]." *Kernan*, 175 F.3d at 242 (alterations in original) (citations omitted). This means that, in order for a New York court to exercise personal jurisdiction here, Fairchild Controls' allegedly tortious act must have had some relationship to New York. The mere awareness that one's product or act may have effects in the forum state is insufficient; "a finding of minimum contacts must come about by *an action of the defendant purposefully directed toward the forum State*." *Asahi Metal Indus. Co. v. Super. Ct. of Cal., Solano Cnty.*, 480 U.S. 102, 112 (1987) (plurality) (emphasis in original).

Here Plaintiffs' claim is based on Fairchild Controls' alleged negligence in the design, manufacture and assembly of the ACM on the aircraft. That conduct took place in Maryland, where Fairchild Controls manufactures ACMs. Fairchild Controls has never manufactured or sold ACMs to customers in New York. Plaintiffs have not shown any action purposefully directed toward New York.

Plaintiffs argue that, as Fairchild Controls manufactures parts for major aircraft manufacturers such as Boeing, it is foreseeable that a defect in one of its products would have consequences during flights, including the flight in New York at issue here. But this very argument has been rejected by the Supreme Court. *See World-Wide Volkswagen Corp.*, 444 U.S. at 295 (rejecting argument that automobile's inherent mobility meant injury in distant state was foreseeable because "'foreseeability' alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause").

## CONCLUSION

As there is no relationship between Plaintiffs' negligence claim against Fairchild Controls and New York, this Court lacks personal jurisdiction over Fairchild Controls.

Nevertheless, dismissal is not necessary.  Rather, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a); *accord Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 435 (2d Cir. 2005) ("Courts enjoy considerable discretion in deciding whether to transfer a case in the interest of justice.").

Transfer to the Southern District of Texas is appropriate here.  "A 'compelling reason' for transfer is generally acknowledged when a plaintiff's case, if dismissed, would be time-barred on refiling in the proper forum."  *Daniel*, 428 F.3d at 435.  Here, by letter dated March 25, 2015, Plaintiffs represent that, should their claim against Fairchild Controls be dismissed, refiling this action would be time-barred in Delaware and Maryland, where Fairchild Controls, respectively, was incorporated and operates its principal place of business.  Furthermore, by letter dated March 25, 2015, Fairchild Controls indicates that it consents to jurisdiction and venue in the Southern District of Texas, Houston Division.

For the foregoing reasons, Fairchild Controls' motion to dismiss for lack of personal jurisdiction is DENIED.  The Clerk of Court is respectfully directed to close the motion at Docket No. 39 and to transfer this matter to the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1404(a).

SO ORDERED.

Dated: New York, New York
       March 26, 2015

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE